# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| **BRANDON BROWN** <br><br> Plaintiff, <br><br> v. <br><br> **SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, WARDEN RICHARD COTHRAN, individually and in his official capacity as warden of Turbeville Correctional Institution,** <br><br> Defendants. | C/A NO. 2:18-cv-1022-DCN-MGB |

## PLAINTIFF'S RESPONSE IN OPPOSTION TO DEFENDANTS' MOTION TO FILE OBJECTIONS TO R&R (DKT. NO. 64)

The Plaintiff, Brandon Brown (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, respectfully submits this Reply to Defendants' Motion to File Objections to R&R (Dkt. No. 37.) Generally, in Defendants' Motion they argue that they should be afforded leave to file their Objections because they are made timely despite this Court's Order indicating the contrary. Plaintiff asserts that this Court should deny Defendants' Motion for the following reasons:

### I.  DEFENDANT'S OBJECTIONS ARE BARRED BY FED. R. CIV. P. 72.

As an initial matter, Plaintiff asserts that the Court should not consider Defendant's Objections as it was filed out of time. On April 23, 2020 the Magistrate issued the Report and Recommendations regarding Summary Judgment and made the Defendants' Objections due May 7, 2020. Defendants filed their Objections to the R&R on May 28, 2020, twenty-one (21) days after the deadline set. Prior to this untimely filing Defendants did not attempt to confer with

Plaintiff regarding an extension nor did Defendants file a Motion for Extension of Time with the Court. Defendants maintain that the March 16, 2020 Standing Order issued by Chief United States District Judge R. Bryan Harwell made their submission timely however, Plaintiff asserts that the Defendants interpretation of the Standing Order is incorrect. The Standing Order provides, in part, that "In all civil cases, all deadlines, whether set by court or by the Rules of Civil Procedure or Local Rules, are hereby extended by 21 days from the *current* [emphasis added] deadline set." Standing Order for the United States District Court, District of South Carolina, March 16, 2020, found at the web-site for the http://www.scd.uscourts.gov/StandingOrders/index.asp:http://www.scd.uscourts.gov/StandingOrders/Order%20Regarding%20Court%20Operations%20in%20Response%20to%20COVID19/Standing_Order_Regarding_Court_Operations_in_Response_to_COVID-19.pdf

Although the Defendants believe that the twenty-one day extension provided by the Standing Order applies to the deadline set for their Objections, the Standing Order referenced deadlines that were currently set at the time of it being issued. The Magistrate's Report and Recommendation was not issued until April 23, 2020. Meaning, the May 7, 2020 deadline was not set at the time of the Standing Order. Thus, the May 7, 2020 deadline was not a "current" deadline that the twenty-one day extension applied to. This can also be evidenced by looking at similarly set deadlines in other cases before this Court. In *Brown v. SCDC et al.* this Court found that by the Defendants not filing their Objections to the Report and Recommendations by the May 7, 2020 deadline set, Defendants did not make any timely objections to the Report and Recommendation.[1]

---

[1] Both *Gamble* (2:19-cv-2242 DCN MGB) and *Brown* (2:18-cv-01022-DCN-MGB) were Plaintiffs that were severed from one case. Both cases individually received Orders affirming the Magistrate's R&R and finding that the Defendants did not object because they did not file their Objections by the May 7, 2020 deadline.

Additionally, the Defendants cannot argue that the subsequent Amendment to the March 16, 2020 Standing Order which was issued on April 14, 2020 by Chief United States District Judge R. Bryan Harwell because it explicitly provides that existing deadlines "…are not further extended…" Amended Standing Order for the United States District Court, District of South Carolina, April 14, 2020, found at the web-site for the:

https://www.scd.uscourts.gov/StandingOrders/Amended%20Order%20Regarding%20Court%20Operations%20in%20Response%20to%20COVID-19/Amended_Standing_Order_In_Re_Court_Operations_in_Response_to_COVID-19.pdf

This Court need not consider the untimely Objections because Defendants were on notice that "specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Simply put, Defendants untimely filing of Objections on May 28, 2020 without receiving an Extension of Time from the Court demands that this Court find that "[I]n the absence of a timely filed objection, [the] district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Because the Defendants Objections were made untimely, this Court should deny the Defendants Motion to File their Objections to the R&R as they are barred by Fed. R. Civ. P. 72.

**II.    THE DEFENDANTS MOTION IS MOOT AS THE COURT HAS ALREADY ISSUED AN ORDER REGARDING SUMMARY JUDGEMENT.**

Defendants argue that this Court should grant their Motion to File and allow them to submit their Objections to the R&R under Fed. R. Civ. P. 72 despite this Court already issuing an Order regarding Summary Judgment; this is improper. Defendants assert that their Objections are made

timely and the Court should consider them in evaluating the Magistrate's R&R, however, Defendants fail to recognize this Court has already issued and Order affirming the Magistrate's R&R, which would make the Defendant's Motion moot. Further, Defendants assert the Court should consider their Objections under Fed. R. Civ. P 72 instead of asking for reconsideration. Although the Fed. R. Civ. P. do not expressly provide for reconsideration, the District Court may acknowledge a request to reconsider an Order made under Fed. R. Civ. P 59 or Fed. R. Civ. P. 60, the Defendant has made no Motion or request. Under Fed. R. Civ. P. 59(e), Defendants could have Moved the Court to reconsider in only a select few circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Here, none of these circumstances are present that would warrant reconsideration of this Court's Order. Fed. R. Civ. P. 59(e).

Fed. R. Civ. P. 60 provides that in certain, select circumstances, the Court may allow relief from a final judgment, order, or proceeding. Fed. R. Civ. P. 60(b). The circumstances laid out by Rule 60 are: mistake, excusable neglect, newly discovered evidence, fraud by an opposing party, and "any other reason that justifies relief", however, The Fourth Circuit has held that Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue" and that Rule 60 cannot be used to make a motion simply asking the court to change its mind. *United States of America v. Michael D. Williams,* 674 F.2d 310 (1982) Here, Defendants fail to argue any excusable neglect, mistake, newly discovered evidence, fraud, or any other reason to justify reconsideration of this Court's Order. Defendants argue that they miscalculated the time in which a response was due because they relied upon the March 16, 2020 Standing Order issued regarding COVID-19, however, they fail to recognize the plain and unambiguous language of the March 16, 2020 Standing Order which provided that deadlines were only extended to those deadlines that were in

place at the time of the Order, not future deadlines set by the Court. Defendants failed to inquire with the Court regarding the deadline set on April 23, 2020 despite it indicating their Objections were due on May 7, 2020. Even after the Court issued its Order on May 13, 2020, Defendants waited until May 28, 2020, fourteen (14) days after, to file their Motion to File their Objections. Plaintiff maintains that the Defendants' arguments do not amount to "extraordinary circumstances" that warrant reconsideration of this Court's Order, nor do they meet any of the circumstances laid out in Fed. R. Civ. P. 59(e).

Thus, because the Defendants moved for relief under Fed. R. Civ. P. 72 and because they have also failed to illustrate a circumstance that would warrant reconsideration, this Court should deny Defendants' Motion to File their Objections to the R&R.

## CONCLUSION

Plaintiff respectfully requests that this Court deny Defendants' Motion to File their Objections to the R&R as the Motion is moot as Court has already issued an Order regarding Summary Judgment and the Defendants moved for relief under the improper rule of the Federal Rules of Civil Procedure.

Respectfully submitted,

**BELL LEGAL GROUP, LLC**

s/ *J. Edward Bell, III*
J. Edward Bell, III (1280)
Joshua M. W. Salley (13214)
219 North Ridge Street
Georgetown, SC  29440
TEL.: (843) 546-2408
FAX: (8430 546-9604
ebell@edbelllaw.com

**ATTORNEYS FOR PLAINTIFF**

June 11, 2020
Georgetown, South Carolina